**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marion Willard ROGERS, Defendant-Appellant.**

**No. 12977.**

United States Court of Appeals Seventh Circuit.

Oct. 13, 1960.

Lawrence G. Fretzin, Chicago, Ill., Mitchell Caplan, Max Pastin, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John B. McFaddin, Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

Marion Willard Rogers, appellant, and his brother, Daniel Rogers, were charged

in a two-count indictment with the unlawful interstate transportation of a woman, Phyllis Joanne Pledger, for the purpose of prostitution and debauchery in violation of Title 18, U.S.C.A. § 2421. Following a trial by jury, each defendant was found guilty on both counts in the indictment; Marion Willard Rogers alone appeals. Appellant was sentenced to imprisonment for a period of two years.

The errors relied upon for reversal relate to the sufficiency of the evidence to sustain the verdict of guilty and to one alleged erroneous instruction given to the jury.

■ Our examination of the evidence in the record, viewed in the light most favorable to the Government, leads us to the inescapable conclusion that it amply and substantially supports the judgment of conviction.

Count I charges an interstate transportation on or about January 2, 1959. Phyllis Pledger lived in Hammond, Indiana. Appellant was employed as a doorman and bartender in the Paddock Club, a tavern with a back room used for purposes of prostitution and sexual debauchery, located in Calumet City, Illinois. His co-defendant, Daniel Rogers, was employed as a part-time bartender in the same place. The Paddock Club was owned by Adolph Peloya.

Early in December, 1958, Phyllis accepted appellant's offer of a job in the Paddock Club and went to work there. She was to sit at the bar and solicit drinks from the customers. One night before Christmas, 1958, Daniel told her to take one of the customers into the back room of the club which was used for purposes of prostitution. On January 2, 1959, while at work in the club, Phyllis quit her job and went to her home in Hammond, Indiana. Later that day appellant came to her home and, without her consent, transported her in an automobile to the club in Calumet City, Illinois. She went back to work at the bar, and during that evening appellant asked her to go into the back room with a customer. Daniel was behind the bar, and appellant "was working the floor" that evening.

There was substantial evidence from other witnesses that the back room in question was used as a place of prostitution and for the commission of lewd sexual acts and as to the price to be paid to the bartender for such practices. We need not further amplify the record in this respect.

■ Count II charges an interstate transportation on or about February 12, 1959. Phyllis continued to work at this club until it was raided on February 11, 1959. She began "going with" Daniel Rogers during this time. Daniel transported her from her home to the club on several occasions, including February 11, 1959. On other occasions appellant sent a taxi cab to her home to pick her up and bring her to the club. Both defendants, at times during the period Phyllis was working at the club and in the presence of each other, solicited customers to have sexual relations in the back room with Phyllis and other females similarly employed.

The trial court properly instructed the jury as to Title 18, U.S.C.A. § 2 with reference to the second count of the indictment. The relevant part of this statute provides:

"Principals (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission is punishable as a principal."

There was sufficient evidence that appellant aided and abetted his brother, Daniel, in the commission of the act charged in Count II of the indictment. It follows, of course, that the trial court properly instructed the jury with reference thereto and did not err in so doing. We need not consider the question raised whether appellant fully complied with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., in making timely objection to the instruction in question.

■ Appellant bitterly complains that the testimony of Phyllis Pledger should

not be credited because of a showing that she may have been a prostitute and at times may have used some form of narcotics. Appellant contradicted her story. The jury obviously believed her and disbelieved appellant. It is settled beyond dispute that the jury is the sole judge of the credibility of the witnesses. Viewing the evidence in the light most favorable to the Government, as we must do, we hold that there was substantial evidence to support the judgment of conviction. United States v. Taylor, 7 Cir., 1959, 266 F.2d 310, 312, 313, certiorari denied 361 U.S. 853, 80 S.Ct. 96, 4 L. Ed.2d 92; United States v. Guido, 7 Cir., 1958, 251 F.2d 1, 5, certiorari denied 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed. 2d 843.

The verdict and judgment of conviction entered below are

Affirmed.